IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

WEST VIRGINIA HIGHLANDS CONSERVANCY,
APPALACHIAN VOICES, and
SIERRA CLUB,

          Plaintiffs,

v.                                          CIVIL ACTION NO.   3:19-0573

LEXINGTON COAL COMPANY, LLC,

          Defendant.

**ORDER**

Pending before the Court is Plaintiffs' Motion to Show Cause Why Defendant Should Not Be Held in Civil Contempt of This Court's December 13, 2021, Order. ECF No. 56. In their Memorandum in Support, Plaintiffs detail several deficiencies in the plan submitted by Defendant, including:

1. Defendant does not address five of the seven outlets for which Plaintiffs obtained injunctive relief.

2. Defendant is in violation of the Court's Order to include "specific and enforceable interim milestones."

3. Defendant's submission does not constitute a "plan" because it relies on a treatment system that will not result in compliance.

ECF No. 57. Plaintiffs request that the Court order additional requirements for compliance with the existing injunction and the payment of Plaintiffs' attorney's fees. *Id.* at 10. Plaintiffs suggest that Defendant should be required to submit, within 30 days from entry of a contempt order, a

real plan with enforceable milestones no greater than one year apart to address the discharge of selenium and ionic pollution at the outlets identified by the December 13, 2021, Order. *Id.* at 11. Further, they suggest the plan must be certified by a professional engineer and should include references to applications where the chosen technology has been proven to reduce pollutants. *Id.* Lastly, Plaintiffs suggest that the plan include a GANTT chart and should be required to submit monthly reports to Plaintiffs and the Court detailing the progress. *Id.*

In its response, Defendant argues that it has complied fully with the Court's Order. ECF No. 58, at 1. Defendant notes that it has hired Range Environmental Resources (RER) to conduct an environmental audit of the permits, to conduct a treatability study, and to implement the best treatment plan. *Id.* The plan Defendant submitted to the Court was a plan of action created by RER. *Id.* at 1–2. The audit is expected to be completed by April 1, 2022, and the determination of the best treatment system for each outlet is expected to be completed by May 1, 2022. *Id.* at 3. Notably, Defendant's response did not address any of the deficiencies raised by Plaintiffs.

Plaintiffs ask the Court to find Defendant in Contempt of the Court's December 13, 2021, Order. *See* ECF No. 56. The Court recognizes that the plan submitted by Defendant is insufficient to meet the requirements of this Order, but grants Defendant the opportunity to file, on or before April 16, 2022, a supplemental plan with enforceable interim milestones that address the discharge of selenium and ionic pollution at the outlets identified by the December 13, 2021, Order. The plan must be certified by a professional engineer who must provide an affidavit that, upon his or her professional judgment, compliance for selenium limits will be accomplished within one year and ionic pollution restrictions will be met as soon as possible. The plan must include references to other similar operations where the chosen technology has reduced the pollutants of concern to acceptable levels. Alternatively, the professional engineer

must demonstrate experience in treating selenium and ionic pollution in Appalachian mine sites. It must also include a GANTT chart defining the steps of the compliance process, a timeline for completion of each step, and a date for final compliance. Further, Defendant must submit monthly reports to Plaintiffs and this Court describing their process and proposed plan moving forward.

With respect to Plaintiffs' request for attorneys' fees, the Court **DIRECTS** Plaintiffs to file a Motion detailing the amount of the requested fees and the basis for such fees by Monday, March 28, 2022.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: March 16, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE