IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

**WEST VIRGINIA HIGHLANDS**
**CONSERVANCY, APPALACHIAN**
**VOICES and SIERRA CLUB,**

    **Plaintiffs,**

v.                 Civil Action No. 3:19-0573

**LEXINGTON COAL COMPANY, LLC,**

    **Defendant.**

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR**
**MOTION FOR AN INTERIM AWARD OF ATTORNEYS' FEES AND COSTS**

Pursuant to 33 U.S.C. § 1365(d) and 30 U.S.C. § 1270(d), Plaintiffs have moved the Court for an interim award of attorneys' fees and costs in this case.

## Facts

In August 2019, Ohio Valley Environmental Coalition, West Virginia Highlands Conservancy, Appalachian Voices, and Sierra Club ("Plaintiffs") filed their complaint against Defendant Lexington Coal Company, LLC ("Lexington") under § 505 of the Federal Water Pollution Control Act ("CWA"), 33 U.S.C. § 1365, and § 520 of the Surface Mining Control and Reclamation Act ("SMCRA"), 30 U.S.C. § 1270. Plaintiffs alleged that Lexington has violated its CWA § 402 permit at both mines, and its CWA § 401 certification at the No. 10 Mine, and its SMCRA permit at both mines by discharging excessive selenium and ionic pollutants from those two mines. In March 2021, the Court granted Plaintiffs' motion for summary judgment in all respects, finding that the Court had jurisdiction over Plaintiffs' three claims and finding Lexington liable on all three claims. ECF 29. In September 2021, the Court granted Ohio

Valley Environmental Coalition's motion to withdraw as a plaintiff. ECF 53. In December 2021, the Court granted the three remaining Plaintiffs' motion for injunctive relief on those three claims and ordered Lexington to comply with its permits and certification. ECF 54. The only remaining issue in the case is Lexington's liability for civil penalties for its past violations. The three remaining Plaintiffs have therefore fully prevailed on liability and partially prevailed on remedy.

## Argument

### I. The Three Remaining Plaintiffs Are Entitled to an Interim Award of Fees and Expenses

Plaintiffs brought this case pursuant to the citizen suit sections of the CWA and SMCRA. Those sections authorize the Court, "in issuing any final order in any action" under those sections, to "award costs of litigation (including reasonable attorney and expert witness fees) to the prevailing or substantially prevailing party, whenever the court determines such an award is appropriate." 33 U.S.C. § 1365(d); 30 U.S.C. § 1270(d). The three remaining Plaintiffs are substantially prevailing parties because they have achieved success on liability and relief on their claims against Lexington's two mines.

Although the CWA and SMCRA ties fee recovery to issuance of a "final order," this Court and other federal district courts have allowed plaintiffs to obtain interim fees before the entire case is concluded. In *OVEC v. Lexington Coal Co., LLC (Leatherwood),* Civil No. 2:13-21588, Doc. 193, 2017 WL 1712525 (S.D. W.Va. May 2, 2017), this Court granted interim fees to Plaintiffs in a similar situation. Plaintiffs had won on liability and this Court had found that Plaintiffs were entitled to injunctive relief, but appointed a special master to determine the specific contours of that relief. This Court recognized in *Leatherwood* that "[o]ther district

2

courts have granted interim attorneys' fees and costs when the court determined liability but refrained on issuing a final remedy until the parties could settle on an appropriate and cost-effective solution." *Id.* at *2, *citing Greenfield Mills v. Carter,* 569 F. Supp. 2d 737, 743 (N.D. Ind. 2008); *Maine People's Alliance v. Holtrachem Manufacturing Co., LLC,* Civil No. 1:00-cv-00069-JAW, 2016 WL 5676887, at *3 (D. Me. Sept. 30, 2016); *Southern Appalachian Mountain Stewards v. A&G Coal Co.,* Civil No. 2:12CV00009, 2014 WL 4955702, at *2 (W.D. Va. Oct. 2, 2014). The Court found that Plaintiffs had substantially prevailed on their claims and that delaying payment of attorneys' fees and costs would cause financial hardship. *Id.*

The present case is similar to *Leatherwood*. Plaintiffs have achieved significant relief that makes them a substantially prevailing party. The Court has found Lexington liable for permit violations and granted injunctive relief and has defined the specific contours of that relief without a special master. Plaintiffs have already litigated this case for more than two years without any payment of fees and expenses and a further delay in payment would be a financial hardship. Plaintiffs have incurred over $20,000 in expenses on this case. This Court should therefore grant interim attorneys' fees, expert witness fees, and expenses.

## II.     Plaintiffs Seek a Reasonable Lodestar for Their Attorneys' Services

Courts calculating an award of attorneys' fees in a fee-shifting case must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate. *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). A lodestar fee, commonly defined as "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," is the "starting point" for determining an appropriate fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

### A. The Total Number of Hours Devoted to this Litigation Was Reasonable.

Plaintiffs fully prevailed on liability and prevailed on the portion of the remedy phase completed to date. The attached Declarations of Plaintiffs' counsel summarize their hours expended on this case. Hecker Declaration, Exhibit A; Becher Declaration, Exhibit B; Teaney Declaration, Exhibit C; and, Bower Declaration, Ex. D. The total compensable hours are based on the time records maintained by each attorney, which are organized into the following categories and summarized in the table below:

| Category | Hecker Total | Becher Total | Teaney Total | Bower Total |
|---|---|---|---|---|
| Notice letters | 15.75 | 0.75 | 0 | 0 |
| Complaint | 9.75 | 1.75 | 0 | 0 |
| Scheduling | 2.75 | 4.25 | 1.5 | 0 |
| Initial disclosures | 6.00 | 0 | 2 | 0 |
| Discovery/document production | 0.25 | 0 | 0 | 0 |
| Site visits | 1.25 | 23 | 0 | 18 |
| Expert reports | 11.00 | 21 | 0 | 0 |
| Depositions | 0.00 | 0 | 0 | 0 |
| Summary judgment motion | 0.00 | 56 | 8 | 0 |
| Motion for injunctive relief | 5.50 | 24.25 | 2.8 | 0 |
| Contempt | 1.25 | 17.75 | 0 | 0 |
| Settlement | 0 | 9.25 | 1 | 0 |
| Interim fees and expenses | 3.0 | 2.5 | 0 | 0 |
| **Totals** | 56.50 | 160.5 | 15.3 | 18 |

Counsels' summary tables of hours contain a detailed breakdown and description of the work in these categories.

All of this work was reasonably necessary to achieve the success obtained by Plaintiffs in this case. Lexington denied liability and offered no significant settlement concessions to avoid litigation. Plaintiffs therefore had no alternative but to litigate this case fully. At the same time,

4

Plaintiffs streamlined the case as much as possible by moving for summary judgment on liability and injunctive relief and limiting their legal work to the amount needed to secure a favorable result. The total hours in this case are reasonable and reflect counsel's considerable experience in litigating these types of citizen suits efficiently.

### B. Plaintiffs Seek Reasonable Hourly Rates for Their Counsel.

The second component of a lodestar calculation is a "reasonable" hourly rate. Ordinarily, a reasonable rate is one within the range of rates prevailing in the community in which the case is filed. *Blum v. Stenson*, 465 U.S. 886, 895-96 (1984); *National Wildlife Federation v. Hanson*, 859 F.2d 313, 317 (4th Cir. 1988). The court may account for delay in payment during the course of the litigation "either by using a fee rate based on the current market or by using the historical fee rate with reasonable interest added." *Ohio River Valley Environmental Coalition, Inc. v. Green Valley Coal Co.*, 511 F.3d 407, 419 (4th Cir. 2007).

In the *Leatherwood* case, this Court approved hourly rates of $450 for Mr. Hecker and $260 for Mr. Becher as reasonable in 2017 considering attorney experience and the complexity of the case. 2017 WL 1712525, at *4. More recently in 2021, Judge Faber approved hourly rates of $475 for Mr. Hecker, $355 for Mr. Teaney and $310 for Mr. Becher as reasonable in a similar CWA citizen suit to enforce CWA permit violations at a West Virginia coal mine. *West Virginia Highlands Conservancy v. Bluestone Coal Corp.,* Civil No. 1:19-00576, 2021 WL 4480995 at *3 (September 29, 2021). Those rates are more fully explained in the declarations submitted as exhibits to the motion.

Based on the hours and rates explained above, the lodestars for the attorneys and paralegals in this case are summarized in the following table:

|  | Total Hours | Hourly Rate | Fees |
|---|---|---|---|
| Hecker | 56.50 | $475.00 | $26,837.50 |
| Becher | 160.5 | $310.00 | $49,755 |
| Teaney | 15.3 | $375 | $6,112.50 |
| Bower | 18 | $225 | $4,050 |
| **Total** |  |  | **$86,755** |

## II.   Plaintiffs' Attorneys' Expenses Are Reasonable

Plaintiffs are entitled to seek their attorneys' expenses reasonably and necessarily incurred in connection with their pursuit of Plaintiffs' claims. Compensable expenses are not limited to those taxable as statutory costs, but also include "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988). Based on these principles, Public Justice incurred $454.76 in expenses and Appalachian Mountain Advocates incurred $20,791 in expenses. The expenses are detailed in the attached declarations and summarized in the table below. Hecker Decl., ¶ 12; Becher Decl., ¶ 21.

|  | Appalachian Mtn. Adv. | Public Justice |
|---|---|---|
| Hecker pro hac fees |  | $408.00 |
| WestLaw research |  | $46.76 |
| Expert fees and expenses |  |  |
| Travel/Hotel for Sampling | $882.98 |  |
| Sampling Equipment | $207.23 |  |
| Lab Processing of Samples | $3,150.00 |  |
| Filing Fee | $400.00 |  |
| Dr. Baker Fees and Expenses | $6329.13 |  |
| Doug Wood Fees and Expenses | $1013.61 |  |

| | | |
|---|---|---|
| Downstream Strategies (Hatcher) | $8,408.52 | |
| **Total** | **$20,391.47** | **$454.76** |

## Conclusion

For these reasons, Plaintiffs request that the Court grant its motion and award attorneys' fees in the amount of $86,755 and expenses in the amount of $20,846.23, for a total of $107,621.23

                              Respectfully submitted,

                              /s/ J. Michael Becher
                              J. MICHAEL BECHER
                              Appalachian Mountain Advocates
                              P.O. Box 507
                              Lewisburg, WV 24901
                              (304) 382-4798

                              JAMES M. HECKER
                              Public Justice
                              1620 L Street N.W., Suite 630
                              Washington, D.C. 20036
                              (202) 797-8600

                              Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I, J. Michael Becher, hereby certify that on March 28, 2022, I electronically filed the foregoing Plaintiffs' Memorandum in Support of its Motion for an Award of Attorneys' Fees and Expenses and supporting Declarations with the Clerk of the Court using the CM/ECF system, and sent a copy by email to the following:

BILLY SHELTON
SHELTON BRANHAM & HALBERT
Suite 101
2452 Sir Barton Way
Lexington, KY 40509
859-294-6868
Fax: 859-294-6866
Email: bshelton@sbhlegal.net

                                                  s/ Michael Becher