IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

**WEST VIRGINIA**
**HIGHLANDS CONSERVANCY,**
**APPALACHIAN VOICES,**
**and SIERRA CLUB,**

                  **Plaintiffs,**

v.                                                      **CIVIL ACTION NO. 3:19-573**

**LEXINGTON COAL COMPANY, LLC,**

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO HOLD LEXINGTON COAL COMPANY IN CIVIL CONTEMPT OF THIS COURT'S DECEMBER 13, 2021 AND MARCH 16, 2022 ORDERS

**I.    Introduction and Background**

On December 13, 2021, the Court granted Plaintiffs' motion for injunctive relief, and (among other directions) ordered the Defendant, Lexington Coal Company ("Lexington") to "submit a plan to come into compliance with the [Clean Water Act] and [Surface Mining Control and Reclamation Act] within thirty days." ECF Doc. 54 (hereinafter "December 13th Order"). The Court added that "[t]he plan for each pollutant must include specific and enforceable interim milestones no longer than one year apart." *Id.*

On January 13, 2022, Lexington filed its purported plan with the Court. ECF Doc. 55. On February 3, 2022, Plaintiffs filed a motion to show cause why Lexington should not be held in contempt. ECF Doc. 56. In their memorandum accompanying that motion, Plaintiffs pointed out several deficiencies in Lexington's purported plan, including the following:

1. Defendant does not address five of the seven outlets for which Plaintiffs obtained injunctive relief.

1

2. Defendant is in violation of the Court's Order to include "specific and enforceable interim milestones."

3. Defendant's submission does not constitute a "plan" because it relies on a treatment system that will not result in compliance.

ECF Doc. 60 (quoting ECF Doc. 57) (hereinafter "Memorandum to Show Cause").

On March 16, 2022, the Court issued an order recognizing "that the plan submitted by the Defendant is insufficient to meet the requirements of [the December 13, 2021] Order." ECF Doc. 60 (hereinafter "March 16th Order"). It provided the Defendant an opportunity to cure this deficiency by filing "a supplemental plan with enforceable interim milestones that address the discharge of selenium and ionic pollution at the outlets identified by the December 13, 2021 Order." The Court further directed,

> The plan must be certified by a professional engineer who must provide an affidavit that, upon his or her professional judgment, compliance for selenium limits will be accomplished within one year and ionic pollution restrictions will be met as soon as possible. The plan must include references to other similar operations where the chosen technology has reduced the pollutants of concern to acceptable levels. Alternatively, the professional engineer must demonstrate experience treating selenium and ionic pollution in Appalachian mine sites. It must also include a GANTT chart defining the steps of the compliance process, a timeline for completion of each step, and a date for final compliance. Further the Defendant must submit monthly reports to Plaintiffs and this Court describing their process and proposed plan moving forward.

Id.

It is now two weeks past the April 16th deadline set by the Court for Lexington's submission of a supplemental plan. Lexington has filed no response to the Court's Order. The Court should therefore find Lexington to be in contempt and order a daily fine to coerce Lexington's compliance with this Court's orders.

## II. Lexington Should Be Held in Civil Contempt

A party may be held in civil contempt when there is clear and convincing evidence of four elements:

2

> (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's "favor;" (3) that the alleged contemnor by its conduct violated the terms of the decree and had knowledge (at least constructive knowledge) of such violations; and (4) that the movant suffered harm as a result.

*Rainbow School, Inc. v. Rainbow Early Education Holding, LLC,* 887 F.3d 610, 617 (4th Cir. 2018) (quoting *United States v. Ali,* 874 F.3d 825, 831 (4th Cir. 2017).

With regard to the December 13th Order, all of these factors are easily met. As explained more fully in the Memorandum to Show Cause, hereby incorporated by reference, the December 13th Order was a valid Decree of which Lexington had actual knowledge; that Decree was in Plaintiffs' favor; Lexington violated the clear terms of that Decree; and, Plaintiffs suffer harm as a result. Doc. 57 at 5—9.

Lexington's failure to respond at all to the March 16th Order is additional evidence of contemptuous conduct. Not only did Lexington fail to cure the deficiencies in its plan, it has not complied with the Court's instructions to cure the prior contempt and its direction to "submit monthly reports to Plaintiffs and this Court describing their process and proposed plan moving forward." ECF Doc. 60 at 3. The March 16th Order, too, was a valid decree. *See Schwartz v. Rent-A-Wreck of America,* 261 F. Supp. 3d 607, 613 (D. Md. 2017) (holding that a Court order from which there is no appeal is a valid "decree."). It was served through the Court's document filing system, which Lexington has used to file numerous responses and its own motions since the initiation of this case in 2019. Lexington violated the terms of that Order because more than a month has passed and there has been no report submitted to either the Plaintiffs or the Court, as is evidenced by the lack of any filing on the Court's docket sheet for this matter. Finally, Plaintiffs are harmed by the lack of the report because they are consequently unable to track the

Defendant's progress towards compliance and the alleviation of their ultimate harm from ongoing pollution of the affected waterways.

### III.     The Court Should Impose Fines to Coerce Lexington to Comply with Its Orders

Civil contempt sanctions, including fines, "may be imposed in ordinary civil proceedings upon notice and an opportunity to be heard." *United Mine Workers of America v. Bagwell,* 512 U.S. 821, 827 (1994). When a litigant violates an order, the court generally may exercise its authority to hold the violator in civil contempt. *Rainbow School, Inc. v. Rainbow Early Education Holding, LLC*, 887 F.3d 610, 617 (4th Cir. 2018). For civil contempt, an evidentiary hearing is not necessary when documentary evidence is sufficient to establish contemptuous conduct. *In re General Motors Corp.,* 110 F.3d 1003, 1016 (4th Cir. 1997) (citing *Commodity Futures Trading Commission v. Premex, Inc.*, 655 F.2d 778, 782 n. 2 (7th Cir. 1981)); *see also, Lambert v. Gift Development Group*, 2019 WL 177078 at 2 (M.D. N.C. 2019) ("The court need not hold an evidentiary hearing before granting a civil contempt motion.") The Court has already provided Lexington with an opportunity to be heard. Not only did Lexington have the opportunity to respond to Plaintiffs' Motion to Show Cause, but it had the opportunity to submit additional information in support of its purported plan by April 16th in order to cure the deficiency in its original filing. Instead, Lexington has thumbed its nose at Plaintiffs and the Court by not only failing to cure its contempt, but by committing an additional contemptuous act. All of this conduct can be established by the existing record.

As explained in the Memorandum to Show Cause, the first deficiency—a failure to address five of the seven outlets at issue—is evident from a simple comparison of the filings related to summary judgment and the documents submitted by Lexington as its purported plan. *See* Doc. 57 at 5–6. The failure to include enforceable milestones is evident from the face of the

documents submitted as the purported plan. *Id.* at 6. While the last item—the unworkability of the plan—takes somewhat more understanding, it is evident from looking at this Court's prior orders and the unrebutted expert declaration already submitted by Plaintiffs in this action. *Id.* at 6–9. Finally, Lexington's complete failure to respond to the March 16th Order is evident from a simple look at the CM/ECF Docket record. Because contempt is evident from documents already in the record, and Lexington has had an opportunity to be heard (and will have its chance to respond to this very filing) contempt is appropriate without a hearing.

"Civil contempt orders—and the appropriate consequences for violating them—fall to the court's discretion." *Consumer Financial Protection Bureau v. Klopp*, 957 F.3d 454, 461 (4th Cir. 2020). "The essence of civil contempt . . . is to coerce compliance with judicial orders. *Id.* (quoting *Consolidation Coal Co v. Local 1702 United Mineworkers of America*, 683 F.2d 827, 830 (4th Cir. 1982). Fines may be imposed for such a purpose and "[a]accordingly courts commonly order the contemnor to pay a per diem penalty until the obligation is satisfied." *Meadworks v. Crone,* 2009 WL 1360335 at 2 (S.D. W.Va. May 14, 2009). A civil fine should be purgeable and for the benefit of the complainant, rather than punitive. *See United Mine Workers of America,* 512 U.S. at 827–29 ("When a fine is not compensatory, it is civil only if the contemnor is afforded the opportunity to purge."); *See also, Buffington v. Baltimore County, MD*, 913 F.2d 113, 133 (4th Cir. 1990) ("If the relief provided is a fine, it is remedial when it is paid to the complainant and punitive when it is paid to the court, though a fine that would be payable to the court is also remedial when the defendant can avoid paying the fine simply by performing the affirmative act required by the court's order.")

Consequently, Plaintiffs request that this Court order a purgeable, per diem fine, to be paid if Lexington does not comply with this Court's December 13th and March 16th Orders. Plaintiffs

suggest that a fine of $1000 a day be imposed if Lexington does not comply with those orders within 10 days. This amount is in line with what other district courts in this judicial circuit have ordered in analogous contempt proceedings. *See e.g. Certain Underwriters at Lloyd's London v. Advantafort Co.*, 2020 WL 877981 (E.D. Va. February 21, 2020) (imposing a $1000 per diem fine); *Enovative Techs, LLC v. Leor*, 110 F. Supp. 3d 633, 641 (D. Md. 2015) (imposing a $1000 per diem fine); *Cf. James River Equipment, Virginia LLC v. Justice Energy Company* 692 Fed. Appx. 739, 740 (4th Cir. 2017) (affirming a $30,000 per diem fine for civil contempt).

## IV. Conclusion

For the reasons explained above, Plaintiffs' request that the Court impose a $1000 per diem fine, beginning 10 days from the date of the Court's Order on this motion, unless and until Lexington remedies its contempt of this Court's Orders. Specifically, Plaintiffs request the Court to direct that to cure its contempt, Lexington must submit a plan consistent with the direction provided by the Court in its March 16, 2022 order. Specifically, Lexington must submit a plan that is certified by a professional engineer who must provide an affidavit that, upon his or her professional judgment, compliance for selenium limits will be accomplished within one year and ionic pollution restrictions will be met as soon as possible. The plan must include references to other similar operations where the chosen technology has reduced the pollutants of concern to acceptable levels. Alternatively, the professional engineer must demonstrate experience in treating selenium and ionic pollution at Appalachian mine sites. The plan must also include a GANTT chart specifying the steps of the compliance process, a timeline for completion of each step, and a date for final compliance. Further, Plaintiffs' respectfully request that Defendant be Ordered to provide monthly status reports to Plaintiffs and this Court.

Respectfully submitted,

DATED: May 3, 2022           **/s/ J. Michael Becher**
J. MICHAEL BECHER (WVBN 10588)
DEREK O. TEANEY (WVBN 10223)
APPALACHIAN MOUNTAIN ADVOCATES, INC.
PO Box 507
Lewisburg, WV 24901
Telephone:    (304) 382-4798
Email: mbecher@appalmad.org

JAMES M. HECKER (*pro hac vice*)
PUBLIC JUSTICE
1620 L Street NW, Suite 630
Washington, DC 20036
Telephone:    (202) 797-8600
Email: jhecker@publicjustice.net

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

**WEST VIRGINIA HIGHLANDS**
**CONSERVANCY, APPALACHIAN**
**VOICES, and SIERRA CLUB,**

      **Plaintiffs,**

v.                                  CIVIL ACTION NO. 3:19-CV-573

**LEXINGTON COAL COMPANY, LLC,**

      **Defendant.**

## CERTIFICATE OF SERVICE

      I, J. Michael Becher, hereby certify that, on May 3, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to each of the following CM/ECF participants:

BILLY SHELTON
SHELTON BRANHAM & HALBERT
Suite 101
2452 Sir Barton Way
Lexington, KY 40509
859-294-6868
Fax: 859-294-6866
Email: bshelton@sbhlegal.net

                                                          **/s/ J. Michael Becher**
                                                          J. Michael Becher (WVBN 10588)