IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION


WEST VIRGINIA HIGHLANDS CONSERVANCY,
APPALACHIAN VOICES, and
SIERRA CLUB,

                Plaintiffs,

v.                                  CIVIL ACTION NO.   3:19-0573

LEXINGTON COAL COMPANY, LLC,

                Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion for an Interim Award of Attorneys' Fees and Costs pursuant to Federal Rule of Civil Procedure 54(d), 33 U.S.C. § 1365(d), and 30 U.S.C. § 1270(d). ECF No. 61. Defendant did not respond to this Motion. For the following reasons, the Court **GRANTS** the Motion. ECF No. 61.

## BACKGROUND

Plaintiffs filed their Complaint against Defendant under section 505 of the Clean Water Act (CWA) and section 520 of the Surface Mining Control and Reclamation Act (SMCRA) in August of 2019. This Court granted Plaintiffs' motion for summary judgment in March of 2021, finding Defendant liable on all claims. ECF No. 29. On December 13, 2021, the Court also granted Plaintiffs' motion for injunctive relief and ordered Defendant to submit a plan to come into compliance with the CWA and SMCRA within 30 days, achieve compliance with selenium limits no later than a year from the date of the plan submission, and to achieve compliance with West Virginia ionic pollution standards as soon as possible. ECF No. 54. Defendant filed its plan on

January 13, 2022, which the Court found to be insufficient to meet requirements of the Court's previous order. ECF No. 60. The Court granted Defendant the opportunity to file on or before April 16, 2022, a supplemental plan with enforceable interim milestones that address the requirements of the December 13, 2021, Order. However, Defendant failed to file such supplemental plan.

Plaintiffs filed a Motion for Attorneys' Fees, Expert Witness Fees, and Expenses on March 28, 2022, to which Defendant did not respond.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 54(d), 33 U.S.C. § 1365(d), and 30 U.S.C. § 1270(d), Plaintiffs move the Court for an interim award of attorneys' fees and costs. Rule 54(d)(2)(B)(iii) provides that a fee motion must "state the amount sought or provide a fair estimate of it." Fed. R. Civ. P. 54(d)(2)(B)(iii). As indicated in the citizen suit provision of the CWA and the SMCRA, "[t]he court, in issuing any final order in any action brought pursuant to this section, may award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines such award is appropriate." 33 U.S.C. § 1365(d); *see also* 30 U.S.C. § 1270(d).[1] Plaintiffs carry the burden to establish entitlement to a fee award. *See Spell v. McDaniel*, 852 F.2d 762, 765 (4th Cir. 1988). To recover attorneys' fees and costs under the prevailing party standard, the plaintiff must be the prevailing party in the action, and the court must determine that the requested attorneys' fees, expert witness fees, and miscellaneous costs are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

## DISCUSSION

---

[1] Section 1270(d) does not include the phrase "prevailing or substantially prevailing party," allowing the court to award attorneys' fees to any party whenever appropriate.

The CWA and the SMCRA citizen suit provisions allow for an award of attorneys' fees and costs after a court enters any final order, and the Court finds it appropriate to allow for an interim award in this case as the Court has found liability and injunctive relief necessary to remedy past violations. "Under fee-shifting statutes such as the [CWA and the SMCRA], courts may order an interim fees award, but 'only when a party has prevailed on the merits of at least some of his claims.'" *Greenfield Mills, Inc. v. Carter*, 569 F. Supp. 2d 737, 743 (N.D. Ind. 2008) (quoting *Hanrahan v. Hampton*, 446 U.S. 754, 758 (1980)). Other district courts have granted interim attorneys' fees and costs when the court determined liability but refrained on issuing a final remedy until the parties could settle on an appropriate and cost-effective solution. *See id.* at 744 (citing the reach of the case, time involved in litigation, resource disparity of the parties, and plaintiff's valid claim as justification for issuing interim fees under CWA); *Maine People's All. v. Holtrachem Mfg. Co., LLC*, No. 1:00-cv-00069-JAW, 2016 WL 5676887, at *3 (D. Me. Sept. 30, 2016) (issuing an interim attorney award under the Resource Conservation and Recovery Act containing similar "final order" language); *S. Appalachian Mountain Stewards v. A&G Coal Corp.*, No. 2:12CV00009, 2014 WL 4955702, at *2 (W.D. Va. Oct. 2, 2014) (finding that plaintiff prevailed to justify interim award). In fact, this Court has awarded interim fees in a similar case, where a defendant coal mining company was found liable for violations of the CWA and SMCRA and injunctive relief was ordered. *Ohio Valley Envntl. Coal. v. Fola Coal Co., LLC*, No. 2:13-21588, 2017 WL 1712525, at *1–*2 (S.D.W. Va. May 2, 2017).

A. Lodestar Calculation for Attorneys' Fees

Here, the Court found Defendant liable for: 1) violations of its selenium limits in its Clean Water Act (CWA) National Pollutant Discharge Elimination System (NPDES) permits at the Low Gap No. 2 and No. 10 Mines; 2) for violations of its CWA 401 certification for discharging

pollutants at the No. 10 Mine which caused violations of West Virginia water quality standards, and; 3) for Surface Mining Control and Reclamation Act (SMCRA) violations at the No. 2 and No. 10 Mines for discharging excessive levels of selenium and ionic pollutants. ECF No. 29; ECF No. 30. This Court ordered injunctive relief on December 13, 2021, requiring Defendant to submit a plan to come into compliance with the CWA and SMCRA, with certain limitations for selenium and ionic pollutants, within 30 days. *See* ECF No. 54. Defendant failed to adequately follow the Court's order, and this Court granted Defendant the opportunity to come into compliance with the Court's order by submitting a plan on or before April 16, 2022. ECF No. 60. Defendant did not do so and has also failed to respond to Plaintiffs' Motion for Attorneys' Fees. Accordingly, as in *Fola Coal Co.*, granting an award for attorneys' fees here is appropriate. *Fola Coal Co., LLC*, 2017 WL 1712525, at *2.

Next, the Court must determine whether the requested amount of attorney's fees is reasonable. To do so, the Court must first determine an appropriate lodestar figure by multiplying the number of hours by a reasonable hourly rate. *See Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). This figure is considered the "starting point" for determining an appropriate fee award. *Eckerhart*, 461 U.S. at 433. A loadstar figure is generally considered a "presumptively reasonable fee." *W. Va. Highlands Conservancy v. Bluestone Coal Corp.*, No. 1:19-00576, 2021 WL 4480995, at *2 (S.D.W. Va. Sept. 29, 2021) (quoting *Project Vote/Voting for Am., Inc. v. Long*, 887 F. Supp. 2d 704, 709 (E.D. Va. 2012)).

1. Hours worked

Plaintiffs have provided the Court with declarations of Plaintiffs' counsel (including detailed descriptions of their work) regarding the number of hours devoted to this litigation. *See*

ECF Nos. 61-1. 61-2, 61-3, 61-4. The following table reflects the hours each attorney has represented they worked on this matter.

| Attorney | Total Hours |
|----------|-------------|
| Hecker | 56.50 |
| Becher | 160.50 |
| Teaney | 15.3 |
| Bower | 18 |

Plaintiffs have prevailed on liability and have successfully argued for injunctive relief against Defendant. Further, Defendant denied liability and made no significant effort to settle the case, necessitating the hours of work to fully litigate the case. Defendant also did not respond to the Motion to contest Plaintiffs' request. With Plaintiffs' counsels' experience in litigating this kind of citizen suit, this Court finds that Plaintiffs have requested fees for a reasonable number of hours.

2. Reasonable hourly rate

Next, the Court must determine whether the hourly rate proposed by Plaintiffs is reasonable. A "reasonable" hourly rate is one that is within the range of market rates in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 895–96 (1984); *Nat'l Wildlife Fed'n v. Hanson*, 859 F.2d 313, 319 (4th Cir. 1988). In a recent litigation before Judge Faber addressing CWA permit violations of a West Virginia coal mine, Mr. Hecker was approved an hourly rate of $475, Mr. Teaney was approved an hourly rate of $355, and Mr. Becher was approved an hourly rate of $310. *See Bluestone Coal Corp.*, 2021 WL 4480995, at *3.

Plaintiffs here request an hourly rate of $475 for Mr. Hecker, $310 for Mr. Becher, $375 for Mr. Teaney,[2] and $225 for Ms. Bower. Defendant did not respond to the Motion to contest the reasonableness of the hourly rates requested. Thus, this Court finds that these figures are reasonable.

3.  Lodestar figure

The following table represents the lodestar figure calculated for the attorneys' fees requested.

|  | Total Hours | Hourly Rate | Fees |
|---|---|---|---|
| Hecker | 56.50 | $475 | $26,837.50 |
| Becher | 160.5 | $310 | $49,755 |
| Teaney | 15.3 | $375 | $5,737.50[3] |
| Bower | 18 | $225 | $4,050 |
| **Total** | | | **$86,380** |

B.  Attorneys' Expenses

Plaintiffs are entitled to seek reasonable and necessarily incurred attorneys' expenses. These expenses include "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." *McDaniel*, 852 F.2d at 771. According to the declarations provided by Mr. Hecker and Mr. Becher, these expenses amount to the following:

---

[2] This hourly rate was included in a Consent Decree that was approved by the U.S. District Court for the Southern District of West Virginia. *See W. Va. Highlands Conservancy v. JMAC Leasing, Inc.*, Civ. No. 2:21-cv-00057, 2022 WL 302600 (S.D.W. Va. Feb. 1, 2022).

[3] While Plaintiffs' Motion requested $6,112.50 for Mr. Teaney's work, the exhibit attached to his declaration shows that he spent a total of 15.3 hours on this matter. At the rate of $375, the award for this work totals $5,737.50.

|  | Appalachian Mountain Advocates | Public Justice |
|---|---|---|
| Hecker pro hac fees |  | $408 |
| WestLaw research |  | $46.76 |
| Expert fees and expenses |  |  |
| Travel/Hotel for sampling | $882.98 |  |
| Sampling equipment | $207.23 |  |
| Lab processing of samples | $3,150 |  |
| Filing fee | $400 |  |
| Dr. Baker fees and expenses | $6,329.13 |  |
| Doug Wood fees and expenses | $1,013.61 |  |
| Downstream strategies (Hatcher) | $8,408.52 |  |
| **Total** | **$20,391.47** | **$454.76** |

Defendant has not contested these expenses; accordingly, the Court will award expenses in the amount of $20,846.23.

## CONCLUSION

Plaintiff has prevailed in this matter up to this point, and the attorneys' fees and expenses requested are reasonable and supported by attorney declarations. Thus, the Court **GRANTS** Plaintiffs' Motion. ECF No. 61.

Plaintiffs are awarded attorneys' fees in the amount of $86,380 and expenses in the amount of $20,846.23, for a total of $107,226.23.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER:     May 4, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE