# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

WEST VIRGINIA HIGHLANDS CONSERVANCY,
APPALACHIAN VOICES, and
SIERRA CLUB,

          Plaintiffs,

v.     CIVIL ACTION NO.   3:19-0573

LEXINGTON COAL COMPANY, LLC,

          Defendant.

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion to Hold Lexington Coal Company in Civil Contempt of This Court's December 13, 2021 and March 16, 2022 Orders. ECF No. 63. This Court entered an Order on December 13, 2021, which required Defendant to submit a plan to come into compliance with the CWA and SMCRA within 30 days, to achieve compliance with selenium limits no later than a year from the date of the plan submission, and to achieve compliance with West Virginia ionic pollution standards as soon as possible. ECF No. 54. Defendant filed its plan on January 13, 2022, which the Court found to be insufficient to meet requirements of the Court's previous Order. ECF No. 60. While Plaintiffs asked this Court to find Defendant in contempt, the Court granted Defendant the opportunity to file on or before April 16, 2022, a supplemental plan with enforceable interim milestones that address the requirements of the December 13, 2021, Order. However, Defendant failed to file such supplemental plan. Plaintiffs then filed this Motion on May 3, 2022.

The Court directed Defendant to respond to this Motion on or before 12 P.M. on Friday, May 6, 2022. ECF No. 65. Defendant filed a response in which it informed the Court that it engaged Range Environmental Resources, Inc. to conduct an environmental audit, conduct a treatability study, and implement the best treatment plan. ECF No. 67, at 1. However, Defendant claims that, even though it was directed by the Court to submit a plan on or before April 16, 2022, it was unable to do so because it abandoned its original plan and started over, developing a new plan entirely. *Id.* at 2. Inexplicably, Defendant did not inform the Court of its inability to follow the Court's Order on or before the deadline.

For the following reasons, the Court **GRANTS** Plaintiffs' Motion. ECF No. 63.

## LEGAL STANDARD

In order to establish civil contempt, the moving party must show by clear and convincing evidence the following elements:

1) The existence of a valid decree of which the alleged contemnor had actual or constructive knowledge;
2) That the decree was in the movants 'favor';
3) That the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive) of such violations; and
4) That the movant suffered harm as a result.

*Ohio Valley Envtl. Coal., Inc. v. Apogee Coal Co., LLC*, 744 F. Supp. 2d 561, 567–68 (S.D.W. Va. 2010) (citing *JTH Tax, Inc. v. H&R Block E. Tax Servs., Inc.*, 359 F.3d 699, 705 (4th Cir. 2004)). "A court may impose sanctions for civil contempt 'to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy.'" *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 821 (4th Cir. 2004) (quoting *In re General Motors Corp.*, 61 F.3d 256, 258 (4th Cir. 1995)). The court can find a party in civil contempt without holding a hearing when documentary evidence is sufficient to establish contemptuous conduct. *In re General*

*Motors Corp.*, 110 F.3d 1003, 1016 (4th Cir. 1997) (citing *Commodity Futures Trading Comm'n v. Premex, Inc.*, 655 F.2d 779, 782 n.2 (7th Cir. 1981)).

The remedy for civil contempt is within the court's discretion to determine. *Apogee Coal Co., LLC*, 744 F. Supp. 2d at 568. Sanctions, such as fines, can be imposed on a party found in contempt to coerce compliance with judicial orders, but such sanctions must be remedial and compensatory—essentially, nonpunitive. *In re General Motors Corp.*, 61 F.3d at 259; *Meadoworks, LLC v. Crone*, No. 5:07-cv-00659, 2009 WL 1360335, at *2 (S.D.W. Va. May 14, 2009). Courts have routinely ordered a contemnor to pay a per diem penalty until their obligations to comply with the court's order have been satisfied. *Crone*, 2009 WL 1360335, at *2.

## DISCUSSION

1. <u>Defendant is in civil contempt</u>

First, the Court must determine whether Defendant had knowledge of a valid decree. Here, the Court granted Plaintiffs' motion for injunctive relief on December 13, 2021, requiring Defendant to submit a plan to come into compliance with the CWA and SMCRA, with certain limitations for selenium and ionic pollutants, within 30 days. *See* ECF No. 54. When the plan submitted by Defendant was not sufficient to meet the requirements of this Order, the Court directed Defendant to submit a supplemental plan on or before April 16, 2022. ECF No. 60. Both of these Orders were docketed and a copy of the Orders were sent to counsel of record. Thus, the first element is met. The December 13, 2021, Order was also clearly in Plaintiffs' favor, as this decree granted Plaintiffs' motion for injunctive relief. Further, the March 16, 2022, Order provided additional requirements for Defendants to comply with the Court's Order granting injunctive relief.

Defendant submitted a plan as required by the Order (ECF No. 55); however, the plan Defendant submitted was entirely unresponsive to the requirements outlined by the Court, thus,

violating the Courts mandate. The Court's Order required Defendant to 1) submit a plan to come into compliance with the CWA and SMCRA within 30 days; 2) to achieve compliance with selenium limits no later than a year from the date of the plan submission, and 3) to achieve compliance with West Virginia ionic pollution standards as soon as possible. ECF No. 54. The plan for each pollutant was required to include specific and enforceable interim milestones no longer than one year apart. *Id.*

Plaintiffs pointed out several deficiencies with the plan submitted by Defendant. First, the plan only addressed Outlets 24, 2, 17, and 19, and did not specify which outlet corresponds to which of the two permits involved in this action. Plaintiffs' motion for injunctive relief requested relief related to selenium violations at Outlets 12, 31, 45, and 47 of permit WV1020579—none of which were addressed by Defendant's plan. The plan addresses none of the outlets for which Plaintiffs were granted injunctive relief with respect to selenium pollution, and only two of the seven outlets for which Plaintiffs were granted relief for with respect to ionic pollution. Further, the plan contained no milestones, so there are no means for the Court or Plaintiffs to monitor compliance progress. Lastly, the plan contains no supportable treatment technologies, and thus, is not in actuality a plan toward compliance at all. The Court was clear in its expectations for Defendant's plan, and the submission Defendant filed failed to meet these requirements in all material ways.

After Defendant filed this deficient plan, Plaintiffs requested this Court hold Defendant in contempt. ECF No. 56. Instead, the Court granted Defendant the opportunity to file a supplemental plan on or before April 16, 2022. ECF No. 60. The Court outlined specific requirements for this supplemental plan. This plan was required to be certified by a professional engineer who must provide an affidavit that, upon his or her professional judgment, compliance for selenium limits

would be accomplished within a year and ionic pollution restrictions would be met as soon as possible. The plan was also supposed to include either references to other operations where the chosen technology reduced pollutants, or the professional engineer must have demonstrated experience in treating selenium and ionic pollution in Appalachian mine sites. The plan was required to include a GANTT chart defining the steps of the compliance process, a timeline for completion of each step, and a date for final compliance. Lastly, Defendant was required to submit monthly reports to both this Court and Plaintiffs describing the process and the plan moving forward.

April 16, 2022, came and went, and Defendant filed nothing with this Court. Following this failure, Plaintiffs filed yet again requesting that the Court hold Defendant in contempt. ECF No. 63. The Court directed Defendant to respond (ECF No. 65), and Defendant did so on May 6, 2022. ECF No. 67. However, Defendant's response makes it clear that Defendant has no intention to meaningfully comply with the Court's Orders.

Essentially, Defendant's response sets forth uncompelling excuses as to why Defendant failed to submit a sufficient plan to this Court. First, Defendant asserts that it scrapped its original plan and had to start from scratch, conducting new fish tissue studies and requiring additional time to develop compliance methods for drainage surface run-off at the subject outfalls. Defendant also provides no explanation from a qualified consultant. Defendant further requests an extension until June 15, 2022, to submit the supplemental plan.

Given that this Court gave Defendant a deadline to submit the supplemental plan of April 16, 2022, it is inexplicable why, if Defendant needed this extra time to satisfactorily develop a supplemental plan, Defendant did not file a motion requesting an extension. Instead, Defendant allowed the due date to come and go without giving any notice to the Court of its progress.

Further, the response Defendant filed on May 6, 2022, did nothing to address either the requirements of this Court's March 16, 2022, Order or the glaring deficiencies in the original plan pointed out by Plaintiff. While Defendant informs the Court that it has entered into a consulting arrangement with Range Environmental Resources, Inc., Defendant does not identify a professional engineer from Range that will be certifying the plan as required by the March 16, 2022, Order. The response similarly does not address the deficiencies in its original plan, such as the fact that Defendant's plan did not even address the proper outlets which are the subject of this action. It also did not demonstrate compliance with the Court's instructions to submit monthly reports.

Plaintiffs continue to be harmed by Defendant's failure to meaningfully comply with the Court's Orders. Defendant has failed to provide a sufficient plan to address the selenium and ionic pollution at issue in this matter, meaning that this pollution—and its harm to Plaintiffs—will continue. This harm was recognized in the Court's opinion on summary judgment, finding that Plaintiffs demonstrated an injury in fact requisite for standing (ECF No. 29), and in the Court's opinion granting an injunction (ECF No. 54).

It is clear to this Court that Defendant has shirked its responsibility to satisfactorily comply with this Court's Orders. Thus, the Court **FINDS** Defendant to be in civil contempt.

2. Civil contempt sanctions

Plaintiffs request that the Court impose a purgeable, $1,000 per diem fine, to be paid if Defendant does not comply with the Court's December 13 and March 16 Orders within 10 days. A court can impose per diem fines for civil contempt in order to coerce compliance with judicial orders. *Crone*, 2009 WL 1360335, at *2. Such sanction decisions are within the discretion of the court to determine. *Consumer Fin. Prot. Bureau v. Klopp*, 957 F.3d 454, 461 (4th Cir. 2020).

Given Defendant's lack of cooperation with the Court's Orders, the Court believes that a fine of $1,000 a day is appropriate and consistent with civil contempt sanctions imposed within this Circuit. *See e.g. Certain Underwriters at Lloyd's, London v. AdvanFort Co.*, No. 1:18-cv-1421, 2020 WL 877981 (E.D. Va. Feb. 21, 2020) (imposing a $1,000 per diem fee if defendant failed to comply with the magistrate judge's order within five days); *Enovative Techs., LLC v. Leor*, 86 F. Supp. 3d 445, 447 (D. Md. 2015) (imposing a per diem fine of $1,000 if Defendant failed to cure its contempt); *JTH Tax, Inc. v. Lee*, 540 F. Supp. 2d 642, 647–49 (E.D. Va. 2007) (ordering defendants found in civil contempt comply with the court's orders within 10 days or pay a daily $500 fine).

## CONCLUSION

Due to Defendant's refusal to adequately comply with the Court's Orders, the Court **GRANTS** Plaintiffs' Motion to Hold Lexington Coal Company in Civil Contempt of This Court's December 13, 2021 and March 16, 2022 Orders. ECF No. 63. The Court **FINDS** Defendant in contempt of this Court's Orders. Accordingly, the Court **ORDERS** Defendant to come into compliance with those Orders by submitting a sufficient plan within 10 days. Specifically, in order to comply with the December 13, 2021 Order, Defendant must:

1. submit a plan to come into compliance with the CWA and SMCRA within 30 days;
2. achieve compliance with selenium limits no later than a year from the date of the plan submission;
3. achieve compliance with West Virginia ionic pollution standards as soon as possible. ECF No. 54.
4. include specific and enforceable interim milestones no longer than one year apart.

In order to come into compliance with the March 16, 2022 Order, Defendant's submitted plan must adhere to the following requirements:

1. The plan must be certified by a professional engineer who must provide an affidavit that, upon his or her professional judgment, compliance for selenium limits would be accomplished within a year and ionic pollution restrictions would be met as soon as possible.

2. The plan must include either references to other operations where the chosen technology reduced pollutants, or the professional engineer must have demonstrated experience in treating selenium and ionic pollution in Appalachian mine sites.
3. The plan must include a GANTT chart defining the steps of the compliance process, a timeline for completion of each step, and a date for final compliance.
4. Defendant must submit monthly reports to both this Court and Plaintiffs describing the process and the plan moving forward.

If after 10 days of the entry of this Memorandum Opinion and Order Defendant still has not complied, Defendant will be assessed a per diem fine of $1,000.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER: May 18, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE