**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

WEST VIRGINIA HIGHLANDS CONSERVANCY,
APPALACHIAN VOICES, and
SIERRA CLUB,

                Plaintiffs,

v.                                    CIVIL ACTION NO.   3:19-0573

LEXINGTON COAL COMPANY, LLC,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiffs filed an application for Abstract of Judgment on this Court's Memorandum Opinion and Order (ECF No. 66) on June 28, 2022. ECF No. 73. The Court stayed this motion and requested briefing regarding the issuance of an Abstract of Judgment. ECF No. 74. Both Plaintiffs and Defendant filed memoranda addressing this issue. ECF Nos. 75, 77.

The request for briefing stemmed from the Court's concern regarding its ability to issue an Abstract of Judgment in the absence of an official judgment order entry on the fee award. *See Greenfield Mills, Inc. v. Carter*, No. 1:00-CV-0219, 2008 WL 4372412, *1 (N.D. Ind. Sept. 23, 2008) (finding that an award of interim attorney's fees was not yet reduced to judgment). Plaintiffs assert that: 1) *Greenfield Mills* does not specifically address the enforceability of interim fee awards; 2) *Greenfield Mills* overlooks Federal Rule of Civil Procedure 58(a)(3), which provides that "[e]very judgment and amended judgment must be set out in a separate document, but a separate document is not required for an order disposing of a motion…for attorney's fees under Rule 54"; 3) appealability and enforceability are two separate issues; and 4) West Virginia law

treats the Court's May 4, 2022 fee order as a "judgment" for the purposes of a statutory lien. ECF No. 75, at 2.

Both parties agree that the *Greenfield Mills* case makes clear that interim fees awards are enforceable and subject to enforcement prior to the entry of a final judgment. ECF No. 75, at 3; ECF No. 77, at 1. Indeed, the *Greenfield Mills* court noted that "an interim fee award is an advance on a later-determined total fee award." *Greenfield Mills, Inc.*, 2008 WL 4372412, at *1.

Plaintiffs point the Court to Federal Rule of Civil Procedure 58(a)(3), which holds that a separate judgment order is not necessary for an order which awards attorneys' fees. Fed. R. Civ. P. 58(a)(3). Defendant asserts that this rule negates Plaintiffs' request for the Abstract of Judgment—essentially, Defendant argues that the judgment Plaintiffs request is the judgment that Rule 58 deems unnecessary. However, Defendant improperly conflates a judgment with an Abstract of Judgment. An Abstract of Judgment requires that an initial judgment be rendered to be issued. *See* Abstract of Judgment Form, ECF No. 73-1 ("Judgment was rendered by the United States District Court for the Southern District of West Virginia at Huntington on May 4, 2022, in the above-entitled action in favor of West Virginia Highlands Conservancy, Appalachian Voices, and Sierra Club and against Lexington Coal Company, LLC…"). Thus, the kind of judgment that Rule 58 refers to does not refer to the Abstract of Judgment, but the underlying judgment upon which an Abstract of Judgment can be issued. Accordingly, it appears to the Court that the order awarding attorneys' fees (ECF No. 66) suffices as the "judgment" required to issue an Abstract of Judgment.

## CONCLUSION

The Court thus lifts the stay and **DIRECTS** the Clerk to issue the Abstract of Judgment requested by Plaintiffs in their Application. ECF No. 73.

-3-

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER:        July 14, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE