IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

WEST VIRGINIA HIGHLANDS CONSERVANCY,
APPALACHIAN VOICES, and
SIERRA CLUB,

           Plaintiffs,

v.                                  CIVIL ACTION NO.  3:19-0573

LEXINGTON COAL COMPANY, LLC,

           Defendant.

## ORDER

On May 18, 2022, this Court issued a Memorandum Opinion and Order finding Defendant Lexington Coal Co. in contempt of the Court's orders and directing Defendant to come into compliance with those orders by submitting a sufficient plan within 10 days. ECF No. 70. If Defendant had not complied within ten days of entry of the Opinion, Defendant would be assessed a per diem fine of $1,000. *Id.* Defendant submitted a 10-page plan on May 31, 2022. ECF No. 71. Plaintiff' filed a response to Defendant's submission on June 17, 2022. ECF No. 72.  Defendant did not reply.

This Court's repeated mandate to Defendant was clear. Defendant was ordered to:

1. submit a plan to come into compliance with the CWA and SMCRA within 30 days;[1]
2. achieve compliance with selenium limits no later than a year from the date of the plan submission;
3. achieve compliance with West Virginia ionic pollution standards as soon as possible; and,

---

[1] *See* ECF No. 54. This Memorandum Opinion and Order granted relief to Plaintiffs requiring Defendant to submit a plan to come into compliance within thirty days of December 13, 2021.

    4. include specific and enforceable interim milestones no longer than one year apart.

ECF No 70. Further, this Court ordered that the plan must adhere to the following requirements:

1. The plan must be certified by a professional engineer who must provide an affidavit that, upon his or her professional judgment, compliance for selenium limits would be accomplished within a year and ionic pollution restrictions would be met as soon as possible.
2. The plan must include either references to other operations where the chosen technology reduced pollutants, or the professional engineer must have demonstrated experience in treating selenium and ionic pollution in Appalachian mine sites.
3. The plan must include a GANTT chart defining the steps of the compliance process, a timeline for completion of each step, and a date for final compliance.
4. Defendant must submit monthly reports to both this Court and Plaintiffs describing the process and the plan moving forward.

ECF No. 70.

The Court will turn to Defendant's submission, which consists of an Affidavit of Kermit E. Fincham, Jr., the Vice President of Engineering for Lexington Coal Co., a document labeled a GANNT Chart, and drawing documents for BCR systems at Surface Mine Nos. 2 and 10. The plan is found in Mr. Fincham's affidavit.

To address the Court's order that Defendant's come into compliance with the CWA and SMCRA, Fincham provides that Outlets 005, 012, 045, and 047 for Permit WV 1020579 are in compliance with its permit, while Outlet 031 is not in compliance. ECF No. 71-1, at 2. To address the noncompliance at Outlet 031, Defendant asserts it will revert to the original approved WV DEP plan which entails the construction of a Biochemical Reactor System. *Id.* Construction of the system has already commenced. Fincham further provides that Outlets 002, 017, and 024 are in compliance for Permit WV1020579, while Outlet 019 is not in compliance. *Id.* at 3. To address the noncompliance at Outlet 019, Defendant asserts it will revert to the original approved WV DEP plan which also entails the construction of a Biochemical Reactor system. *Id.*

Plaintiffs point out that Defendant has not acknowledged that it has been out of compliance with selenium limitations at Outlets 012, 045, and 047 of NPDES Permit WV1020579. The recent semi-annual reports of fish monitoring demonstrate Defendant's noncompliance at these outlets. The following table shows the violations recorded for these Outlets.

| **Reporting Date** | **Outlet** | **Limit** | **Reported Results** |
|---|---|---|---|
| June 21 (Winter 20-21 sampling date) | 012 | 8 mg/kg max | 9.9 mg/kg |
| June 21 (Winter 20-21 sampling date) | 045 | 8 mg/kg max | 10.13 mg/kg |
| June 21 (Winter 20-21 sampling date) | 047 | 8 mg/kg max | 10.13 mg/kg |
| December 21 (Summer 20-21 sampling date) | 045 | 8 mg/kg max | 8.2 mg/kg |
| December 21 (Summer 20-21 sampling date) | 047 | 8 mg/kg max | 8.2 mg/kg |
| Not yet reported in DMR (sampling date Winter 21-22) | 12 | 8 mg/kg max | 8.2 mg/kg |

Although each outlet has not been in violation in every sampling period, the violations remain consistent. Defendant did not identify any action it took to reduce selenium levels, and Defendant provides no basis upon which to assert that Outlets 12, 047, and 045 of Permit WV1020579 are in compliance with the selenium limit. However, without any support as to how, Fincham asserts the Defendant will achieve compliance with selenium limits within a year from the date of the plan submission.

Fincham also promises that Defendant will achieve compliance with West Virginia ionic pollution standards as soon as possible, and provides no further detail related to the accomplishment of this other than citing his own professional judgment and the use of third-party environmental consultants. As Plaintiffs point out, there are no actionable steps provided in this plan to address ionic pollution, but mere conclusory assertions that compliance will be achieved. Further, there are no specific interim milestones or GANTT charts included to address ionic pollution.[2] The Court also notes that, while Fincham asserted in his affidavit filed on May 31, 2022, that Defendant shall submit monthly reports to the Court and Plaintiffs describing the process moving forward, this Court has received no such update.

It is evident from this bare-bones plan that Defendant is unwilling to adequately comply with this Court's mandates. It is for this reason that this Court **ORDERS** the $1,000 per diem fine be imposed beginning on May 29, 2022, as determined by the Court in its May 18, 2022, Memorandum Opinion and Order. ECF No. 70.

The Court **DIRECTS** Defendant to remit to the Clerk the contempt fine for the period of May 29, 2022, through and including July 18, 2022, on or before July 25, 2022. Thereafter, until purged of contempt by submission of a full and complete plan as required by this Court's prior Orders, Defendant shall submit to the Clerk the accrued fine every fourteen days.

If Defendant fails to purge contempt on or before August 1, 2022, the daily sanction shall increase to $1,500.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties

---

[2] The GANTT chart included with Fincham's affidavit relates to the construction of the BCR system. According to Fincham, the intention is to implement the biological reactors in order to achieve compliance with the Chronic Aquatic Life Standards of modifications that only relate to selenium limitations—the modifications do not address ionic pollution.

ENTER: July 18, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE