## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

WEST VIRGINIA HIGHLANDS CONSERVANCY,
APPALACHIAN VOICES and
SIERRA CLUB

      Plaintiffs,

v.                                       Civil Action No. 3:19-0573

LEXINGTON COAL COMPANY, LLC,

      Defendant.

### DEFENDANT'S MOTION TO PURGE CONTEMPT

COMES NOW Lexington Coal Company, LLC ("Lexington Coal"), by counsel W. Howard Sammons II of The Law Office of W. Howard Sammons II, PLLC, and hereby moves this Court to Purge Contempt.  In further support of *Defendant's Motion to Purge Contempt* Lexington Coal Company states as follows:

The attached remediation plan ("Remediation Plan" Ex. 1) specifically addresses this Court's Memorandum and Order (ECF No. 80) holding Lexington Coal in contempt. On May 18th, 2022, the Court Granted "Plaintiffs' Motion to Hold Lexington Coal Company in Civil Contempt of this Court's December 13, 2021, and March 16, 2022, Orders." ECF No. 70.  "Specifically, in order to comply with the December 13, 2021, Order Defendant must:

1. submit a plan to come into compliance with the CWA and SMCRA within 30 days;
2. achieve compliance with selenium limits no later than a year from the date of the plan submission;
3. achieve compliance with West Virginia ionic pollution standards as soon as possible. ECF No. 54
4. include specific and enforceable interim milestones no longer than one year apart.

In order to come into compliance with the March 16th, 2022, Order, Defendant's submitted plan must adhere to the following requirements:

1. The plan must be certified by a professional engineer who must provide an affidavit that upon his or her professional judgement, compliance for selenium limits would be accomplished within a year and ionic pollution restrictions would be met as soon as possible.

2. The plan must include either references to other operations where the chosen technology reduced pollutants, or the professional engineer must have demonstrated experience in treating selenium and ionic pollution in Appalachian mine sites.

3. The plan must include a GANTT chart defining the steps of the compliance process, a timeline for completion of each step, and a date for final compliance.

4. Defendant must submit monthly reports to both this Court and Plaintiffs describing the process and the plan moving forward." ECF No. 70.

Lexington Coal is submitting the attached Remediation Plan that it believes complies with this Court's December 13, 2021, and March 16th, 2022, Orders.  Contained in the attached Remediation Plan, Lexington Coal details how it will come into compliance with the CWA and SMCRA. Ex. 1 (Remediation Plan). Outlined below is a summary of the Remediation Plan.

The Remediation Plan addresses what steps Lexington Coal has already taken and how Lexington Coal will address the December 13, 2021, Order by the following:

1. Lexington Coal has attached a Remediation Plan that outline, with specificity, how it will achieve compliance with selenium limits no later than a year from the date of the plan submission, by the installation of biochemical reactor systems ("BCRs"), which will treat all outlets at issue in this case.

2. Lexington Coal has attached a Remediation Plan that specifies how it will achieve compliance with West Virginia ionic pollution standards, as soon as possible, by isolating the underdrain flow emanating from the valley fill toe, where concentrations of selenium and conductivity are generally highest, and segregate this water from the surface flow. This underdrain flow will be pumped to a holding pond and used for dust suppressant and irrigation needs and to be released from the holding pond in certain precipitation events

into the receiving stream. *See* Remediation Plan, Ex.1.  Lexington Coal has already submitted and received approval from WVDEP for modifications to its Permits for the construction the BCRs and has already begun work on some the BCRs and initiation on the others will begin soon. See Ex. 1 (Remediation Plan), Ex. 2 (BCR Pictures) and Ex. 3. (WVDEP Modifications).

3. Lexington Coal has attached a Remediation Plan that describes specific and enforceable interim milestones no longer than one year apart. The remediation plan details the timeframes for initiation of construction of the BCRs, completion of construction of the BCRs and when compliance is expected from these BCRs. The plan also contains specific compliance milestones for achieving ionic pollution compliance such as when the retention ponds will be constructed, when the pumping systems will be installed and activated. *See* Ex. 4.  (GANTT Chart).

Below is a summary of how Lexington Coal's remediation plan addresses the March 16th 22 Order.

1. Lexington Coal has provided an affidavit from Kermit E. Fincham Jr. P.E. P.S. who is the Vice President of Engineering for Lexington Coal Company, LLC. Mr. Fincham is a certified professional engineer in his professional judgement states that "I provide that compliance with selenium limits no later than a year from the date of the plan submission. To a reasonable degree of professional certainty, I provide that compliance with selenium limits will be achieved by September 1, 2023, through the installation of the Biochemical Reactor System." Ex. 1 (Remediation Plan - Kermit E. Fincham Jr.'s Affidavit).

2. Mr. Fincham states that he has "over twenty-five (25) years of experience working with water treatment technologies and over (10) years experience specifically related to selenium discharges." Also, "I am knowledgeable about conductivity issues and treatment." Ex. 1. (Remediation Plan - Kermit E. Fincham Jr.'s Affidavit).

3. A Gantt Chart defining the steps of compliance process, a timeline for completion of each step and date for final compliance is provided. For example, the GANTT Chart sets out time for initiation, time for completion of construction and timeline for compliance with monitoring after treatment system initiation.

4. The Defendant will submit monthly reports prepared by Lantz G. Rankin of Heritage Technical Associates Inc. which has been employed to oversee implementation of the treatment options. *See* Ex.1 (Remediation Plan which includes Lantz G. Rankin CV). Mr. Rankin has experience in treatment options and will prepare a monthly report detailing the progress made, testing results obtained, next steps being taken, impediments encountered and outline relevant issues. Mr. Rankin also works with Dennis Fisher, Professional Engineer which has agreed to provide his services regarding implementation of the Remediation Plan. Ex. 5 (Dennis L. Fisher PE – CV).

In ECF No. 84 this Court Ordered "Defendant to produce and submit the referenced Permit Modifications for WV1020579 and WV1016288, specifically portions relating to the Biochemical Reactor Systems." Modifications for WV102059 and WV1016288 relating the Biochemical Reactor Systems are attached as Ex 3 (WVDEP Modifications).

To date, Lexington Coal has paid contempt court fines of $29,000 on August 26th, 2022 (ECF 81) and $49,000 on July 29th, 2022 (ECF 85).

Lexington Coal requests this Court to find that it has purged contempt by Lexington Coal submitting a full and complete plan as required by this Court's prior Orders. Also, Lexington Coal requests this Court to hold in abeyance the contempt fines pending a Court's decision regarding Lexington Coal's Motion to Purge Contempt.

Respectfully Submitted,
Lexington Coal Company LLC


By Counsel


/s/W. Howard Sammons II, Esq.
**W. Howard Sammons (WVSB #9714)**
**Sammons Law Firm PLLC**
**PO Box 5307**
**Charleston, WV 25361**
**(304)345-7500**
**howard@sammonslawfirmwv.com**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

OHIO VALLEY ENVIRONMENTAL
COALITION, WEST VIRGINIA
HIGHLANDS CONSERVANCY,                        CIVIL ACTION NO. 3:10-00573
APPALACHIAN VOICES,
and SIERRA CLUB,
             Plaintiffs,

v.

LEXINGTON COAL COMPANY, LLC,

             Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the September 6th 2022, the foregoing *Defendant's Motion to Purge Contempt* was electronically filed via the CM/ECF system, which will send notification of such filing to all parties receiving ECF Notices in this matter.

J. Michael Becher, Esq.
Derek Teaney, Esq.
Appalachian Mountain Advocates
PO. Box 507
Lewisburg, West Virginia 24901
Mbecher@appalmad.org
dteaney@appalmad.org

James M. Hecker, Esq.
Public Justice
1620 L Street, N.W. Suite 630
Washington, D.C. 20036
jhecker@publicjustice.net

Respectfully Submitted,

/s/ W. Howard Sammons
W. Howard Sammons II Esq. (WVSB 9714)
The Law Office of W. Howard Sammons II, PLLC
PO Box 5307
Charleston, WV 25361
304-414-6064 telephone
681-248-6263 facsimile
howard@sammonslawfirmwv.com