IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

WEST VIRGINIA HIGHLANDS CONSERVANCY,
APPALACHIAN VOICES, and
SIERRA CLUB,

       Plaintiffs,

v.              CIVIL ACTION NO.  3:19-0573

LEXINGTON COAL COMPANY, LLC,

       Defendant.

## ORDER

Pending before the Court is Lexington Coal Company's Motion to Purge Contempt. ECF No. 88. Though the Court will not issue sanctions against Lexington Coal at the present time, it nonetheless **DENIES** this Motion. *Id.*

The Court has long struggled to bring Lexington Coal into compliance with its orders. In March of 2021, the Court found Defendant liable for violations of the Clean Water Act (CWA) and the Surface Mining Control and Reclamation Act (SMCRA). ECF Nos. 29, 31. Several months later, on December 13, 2021, the Court granted Plaintiffs' request for injunctive relief and ordered Defendant to:

1. Submit a plan to come into compliance with the CWA and SMCRA;
2. Achieve compliance with selenium limits no later than a year from plan submission;
3. Achieve compliance with West Virginia ionic pollution standards as soon as possible; and
4. Include specific and enforceable interim milestones no longer than one year apart.

ECF No. 54. When Lexington Coal had yet to come into compliance as of March 16, 2022, the Court imposed the following additional conditions:

1. The plan must be certified by a professional engineer who must provide an affidavit that upon his or her professional judgment, compliance for selenium limits would be accomplished within a year and ionic pollution restrictions would be met as soon as possible;
2. The plan must include either references to other operations where the chosen technology reduced pollutants, or the professional engineer must have demonstrated experience in treating selenium and ionic pollution in Appalachian mine sites;
3. The plan must include a GANTT chart defining the steps of the compliance process, a timeline for completion of each step, and a date for final compliance; and
4. Defendant must submit monthly reports to both this Court and Plaintiffs describing the process and the plan moving forward.

ECF No. 60. Following Lexington Coal's continued noncompliance with these requirements, Plaintiffs moved to hold Lexington Coal in civil contempt on May 3, 2022. Pls.' Mot. to Hold Lexington Coal Co. in Civil Contempt of This Ct.'s Dec. 13, 2021 and March 16, 2022 Orders, ECF No. 63. Shortly thereafter, the Court entered a memorandum opinion and order finding Lexington Coal in civil contempt. ECF No. 70. The Court directed that the company reach compliance by submitting a sufficient remediation plan within ten days, cautioning that failure to comply with this directive would result in a per diem fine of $1,000. *Id.*

Lexington Coal's noncompliance did not end there. On May 31, 2022, Lexington submitted a remediation plan that once again failed to adhere to the Court's requirements. Def.'s Compliance with Ct.'s Mem. Op. and Order Dated May 18, 2022, ECF No. 71. On July 18, 2022, after the Plaintiffs responded to Lexington's submission, the Court ordered that the $1,000 per diem fine be imposed as of May 28, 2022. ECF No. 80. Additionally, the Court directed that if Lexington failed to purge contempt by August 1, 2022, the per diem fine would increase to $1,500. *Id.* On August 25, 2022, after Defendant had still failed to purge contempt, the Court increased the per diem fine to $1,500 as of August 1, 2022. ECF No. 84.

Shortly thereafter, on September 6, 2022, Lexington Coal filed the instant motion to purge contempt, attaching an updated remediation plan that the company purported would bring it into

compliance. Mot. to Purge Contempt, ECF No 88. The next day, the Court entered an order holding the per diem fine in abeyance pending its review of the remediation plan. ECF No. 89. Though Plaintiffs opposed lifting the contempt sanctions, the Court continued to hold the per diem fines in abeyance and ordered Lexington Coal to expound upon the remediation plan submitted in September of 2022. ECF No. 95. Following additional briefing by both parties, the Court held a status conference on February 8, 2023, in which it discussed the appointment of Special Master James Kyles to assess Lexington Coal's proposed remediation plan. ECF Nos. 97, 99, 103. Both parties consented, and Special Master Kyles was subsequently appointed. ECF No. 109.

Since that time, Special Master Kyles has worked directly with the parties to assess the proposed remediation plan. In April of 2023, the Special Master circulated an Opinion and Recommendation report and supplemental Timeline for Recommendations, to which both of the parties responded. ECF Nos. 115, 116, 117. In the report, the Special Master opines that based on the remediation plan submitted in September of 2022, Lexington Coal may achieve compliance with selenium discharge criteria by September 6, 2023. However, in regards to conductivity/ionic pollutants, there was a much lower probability of success "absent the recommended more rigorous engineered approach and continued oversight of the Court and/or a Special Master."

Since issuing the report and timeline, Special Master Kyles has continued to interact with both parties and to work with Lexington Coal on developing a sufficient remediation plan. In keeping, Lexington Coal has consistently submitted monthly status reports to the Court, Special Master Kyles, and Plaintiffs. Though Lexington Coal is still working to develop a plan with a reasonable likelihood of reaching compliance as to conductivity/ionic pollutants, the Court is satisfied that the company is making enough progress to make sanctions unnecessary. The Court, however, will continue to monitor Lexington Coal's efforts to reach compliance. The Court also

expects Special Master Kyles to issue an updated report regarding the progress Lexington Coal has made towards developing a sufficient remediation plan, as well as the steps the company will need to take moving forward.

Because Lexington Coal has not yet reached compliance with this Court's orders, the Court declines to purge the company of contempt. However, the Court is satisfied that Lexington Coal is progressing towards compliance such that sanctions are unnecessary at the present time. Accordingly, the Court **DENIES** Defendant Lexington Coal's Motion to Purge Contempt (ECF No. 88), without prejudice, but **STAYS** the accrual of a per diem fine for contempt (ECF No. 89).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:   July 14, 2023

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE