IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**WEST VIRGINIA HIGHLANDS CONSERVANCY,**
**APPALACHIAN VOICES and**
**SIERRA CLUB**

         **Plaintiffs,**

  **v.**                                               **Civil Action No. 3:19-0573**

**LEXINGTON COAL COMPANY, LLC,**

         **Defendant.**

## DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO SHOW CAUSE WHY DEFENDANT SHOULD NOT BE HELD IN FURTHER CIVIL CONTEMPT OF THIS COURT'S DECEMBER 13, 2021, ORDER

COMES NOW Lexington Coal Company, LLC, by counsel W. Howard Sammons II of The Law Office of W. Howard Sammons II, PLLC, which submits *Defendant's Response to Plaintiffs' Motion and Memorandum in Support of Motion to Show Cause Why Defendant Should not be Held in Further Civil Contempt.* In further support of this Response Lexington Coal Company LLC, (Lexington Coal") states as follows:

## BACKGROUND

On September 6, 2022, Lexington Coal filed a motion to purge contempt, attaching an updated remediation plan that the company purported would bring it into compliance Mot. To Purge Contempt, ECF 88. The next day, the Court entered an order holding the per diem fine in abeyance pending its review of the remediation plan. ECF No. 89. Though Plaintiffs opposed

lifting the contempt sanctions, the Court continued to hold the per diem fines in abeyance and ordered Lexington Coal to expound upon the remediation plan submitted in September of 2022. ECF 95. Following additional briefing by both parties, the Court held a status conference on February 8, 2023, in which it discussed the appointment of Special Master James Kyles to assess Lexington Coal's proposed remediation plan. ECF no. 97,99,103. Both parties consented, and Special Master Kyles was subsequently appointed. ECF No. 109. "Since that time, Special Master Kyles has worked directly with the parties to assess the proposed remediation plan." ECF No. 123. "Lexington Coal has consistently submitted monthly status reports to the Court, Special Master Kyles, and Plaintiffs." ECF No. 123.  The "Court is satisfied that Lexington Coal is progressing towards compliance such that sanctions are unnecessary at the present time." ECF No. 123. This Court did note that the Court "will continue to monitor Lexington Coal's efforts to reach compliance." *Id*.

## INTRODUCTION

Since Lexington Coal submitted the Remediation Plan on September 6th, 2022, Lexington Coal has constructed all four bioreactors to treat selenium from White Flame. Also, Lexington Coal has lined and placed media in two of the bioreactors. In addition, Lexington Coal located a generator to provide temporary power to the pump which will bring water up to bioreactors 1 and 2. Lexington Coal had the generator repaired and moved the generator to the White Flame site on October 12th, 2023. Lexington Coal has welded over eight thousand feet of pipe that will be used to plum the bioreactors. Lexington has now plumed two of the bioreactors but is currently working on installing the pipe down to Outlet 31. Lexington Coal expects the first two bioreactors to be functional within a couple of weeks. Lexington coal has employed outside consultants and contractors to help expedite the reclamation process.

Lexington Coal developed a remediation plan for ionic pollution. ECF NO. 88-1. This remediation plan stated that "[i]nternal monitoring will be implemented employing trend line analysis." *Id.* Lexington Coal has met with a permaculture specialist. Also, data collected includes benthic reports for White Flame and Low Gap. September Monthly Report, Ex. A. This data needed to be collected to develop a more precise ionic pollution plan. The Plaintiff cites the Special Master Kyles September 4 2023, report for the proposition that little had been completed in regard to ionic toxicity except benthic sampling which largely confirmed the impaired status of the streams at issue. ECF No. 127. Additional detailed data has been provided to the Special Master since the Sept 4th, 2023, report. Also, Heritage Technical Associates will have an updated hydrograph/water budget in a couple of weeks. As discussed on the latest call with the Special Master and the Plaintiff, a call has been scheduled for October 31st to discuss ionic pollution and the updated hydrograph.

Plaintiff also states that "[a]t the conference, it was disclosed that Defendant had not yet finished installing the liners in any of the ponds associated with its proposed biochemical reactor ('BCR') treatment system and indeed had not even ordered the liners for all the ponds." No. 127. However, since the call Lexington Coal has installed a liner and media for two of the bioreactors. Pictures – Ex. B & C.

## ARGUMENT

I.  **LEXINGTON COAL SHOULD NOT BE HELD IN CONTEMPT OF THIS COURT'S ORDER TO COMPLY WITH ITS SELENIUM EFFLUENT LIMITATION BY SEPTEMBER 6, 2023.**

Lexington Coal has not knowingly violated the December 13, 2021, Order. The Plaintiffs state that "a status report submitted on September 6, 2023, indicates that, although certain ponds associated with the BCR's to treat selenium have been 'constructed' (i.e., excavated), liners are

still on order and a generator needs to be moved to the site." Here, the Plaintiff recognizes that progress has been made. The 4th Circuit ruled that "a good faith attempt to comply, as well as substantial compliance . . . can be a defense to a civil contempt order." *United States v. Darwin Constr. Co.*, 873 F.2d 750 (4th Cir. 1989) citing *Consolidation Coal Company v. Local 1702, United Mineworkers of America*, F. 2d 827, 832 (4th Cir. 1982). Lexington Coal has hired experts and consultants to help expedite compliance with the Court's prior orders. Also, Lexington Coal has continued to implement comments from the Special Master. The Special Master noted in the July 20, 2023, Memorandum that "Both the Special Master and Court concur that as long as Defendant is continuing to progress design, construction, and operation of the BCR systems . . . additional penalties and/or requirements to build the Outlet 012 BCR would not be imposed." Special Master July 20th, 2023, Memorandum, Ex. D.

The Monthly Report submitted on October 4th reveals more progress by Lexington Coal. See Ex. A. September Monthly Report. Construction has been completed on all 4 bioreactors. Liners have been installed in bioreactor 1 and bioreactor 2. Ex. B & C. Media has been installed in bioreactor 1 and 2. *Id.* A pump has been relocated to the White Flame site. Also, since the Sept. Monthly Report sent on October 4th, Lexington Coal has now moved the generator to the White Flame site and the 1st and 2nd bioreactors have been plumed. The only piping left to be put in for bioreactor 1 and 2 is running pipe down to the Outlet which is expected to be completed in the next couple of weeks. A contractor has been hired to help speed up the ditch needed for the permanent power on site. As discussed above Lexington Coal continues to work in good faith and make progress towards full compliance with this Court's Order.

Plaintiff states that "[b]ecause it did not activate any part of its proposed treatment system by September 6th, 2023, Defendant utterly failed to put in place any remedial measures that would

eradicate its selenium violation in any way—let alone completely. Accordingly, Defendant has knowingly violated yet another term of the Court's December 13, 2021, Order." ECF No. 127. However, Lexington Coal has made good faith efforts to comply with this Court's Orders therefore did not knowingly violate the Court's orders. Lexington Coal has constructed all four bioreactors to treat selenium from White Flame. Also, Lexington Coal has lined and placed media in two of the bioreactors. In addition, Lexington Coal located a generator to provide temporary power to the pump which will allow two of the bioreactors to function. Lexington Coal had the generator repaired and moved the generator to the White Flame site on October 12th, 2023. Lexington Coal has welded over eight thousand feet of pipe that will be used to plum the bioreactors. Lexington has now plumed two of the bioreactors but is currently working on installing the pipe down to Outlet 31. Lexington Coal expects the first two bioreactors to be functional within a couple of weeks. Lexington coal has employed outside consultants and contractors to help expedite the reclamation process.

The Plaintiff cites the Special Master's Memorandum that he "remains doubtful of its chance of success absent the recommended more rigorous engineered approach and continued oversite of the Special Master." ECF No. 127. However, Lexington Coal continues to cooperate with the Special Master and fully intends to implement a rigorous engineered approach. The Special Master noted in his July 20, 2023, Memorandum that "the Special Master suggested that the Court not reinstate penalties at this time, as the Defendant is making progress." Ex. D. Lexington Coal has asked the expert to update his hydrograph and mass water budget. The hydrograph and water budget are in the process of being revised to include the recent flow data. Some of the sampling and reports include charts, hydrograph, volumetric, benthic reports, selenium sampling, fish tissue sampling, flow data, flow data collection protocol, pilot project location, meeting with a

permaculture expert. "On August 9 and 11, 2023, Defendant Lexington Coal Company, LLC submitted documents to the Special Master for the referenced case, including a Proposed Water Budget (August 9, 2023), a Volume Certification for Biochemical Reactors (BCRs) 1 through 4 (August 8, 2023), and two Biological Station Sampling Reports prepared by Aquatic Resources Management on June 27, 2023, for both Low Gap and White Flame mines (submitted August 11, 2023). Special Master Sept. 4th, 2023, Memorandum, Ex. E.

## II.   THE COURT SHOULD NOT IMPOSE FINES TO COERCE LEXINGTON TO COMPLY WITH ITS ORDERS

The Plaintiff states that Lexington Coal has "made no meaningful progress on addressing ionic pollution --- except to confirm that most streams remain impaired." ECF No. 127. The Plaintiff further "that such a fine is particularly appropriate where, as here, the contemnor has already benefitted from a delay created as a consequence of its prior contemptuous action." *Id.* However, Lexington Coal has received no benefit. Lexington Coal is working in good faith to comply with this Court's orders and must still pay for its treatment obligations. The Plaintiff quotes that courts commonly order the contemnor to pay a per diem penalty until the obligation is satisfied. *Meadworks v. Crone*, Civ. No. 5:07-cv-00659, 2009 WL 1360335, at *2 (S.D. W.Va. May 14, 2009). However, Lexington has made good faith and reasonable efforts to comply with the Court's Order. "A defense for civil contempt is "substantial compliance of the Court's decree." *United States v. Rylander*, 460 U.S. 752, 757, 103 S.Ct. 1548 (1983). Lexington Coal has already paid, in full, all contempt sanctions owed and has made significant strides in building and activating bioreactors to treat selenium. Also, Lexington Coal has hired experts, performed sampling and continues to work with the Special Master to implement a stringent engineering approach to ionic pollution. Lexington Coal requests that based upon its good faith efforts that the Court find that per day fine not be reinstated and that the Court would continue to hold the contempt in abeyance.

**CONCLUSION**

For the foregoing reasons Lexington Coal requests this Court to deny the Plaintiffs' Motion.

_/s/ W. Howard Sammons, II Esq._

W. Howard Sammons II, Esq. (WVSB 9714)
**The Law Office of W. Howard Sammons II, PLLC**
PO Box 5307
Charleston, WV 25361
304-414-6064 telephone
681-245-6263 facsimile
howard@sammonslawfirmwv.com